Dear Mr. Pittman:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate you are an elected Alderman for the Village of Folsom in St. Tammany Parish and Fire Chief in the St. Tammany Parish District No. 5. You maintain that you were hired as Fire Chief "on a part-time basis" where you work a maximum of thirty-five hours per week. You ask this office whether a conflict of interest exists in being both the elected Alderman and paid Fire Chief, pointing out the Mayor and Board of Aldermen appoint two commissioners to represent the Village on the Board of Commissioners, and they participate in determination of the salary, other benefits and job related issues of the Fire Chief.
 R.S. 42:63(D) provides as follows:
 No person holding an elective office in a political sub-division of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. * * *.
While you state you were hired as the paid Fire Chief on a "part-time" basis for Fire District No. 5 of a maximum of thirty-five hours per week, you further state you are paid $500.00 monthly and spend more than thirty-five hours per week as Chief. Based upon these statement we assume your expected work time is thirty-five hours per week. Under the definitions in R.S.42:62(4) and (5) thirty-five hours per week is not considered part time. Therein the definition is as follows:
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office of employment and which is less than the number of hours of work defined in this Section as full time.
In Atty. Gen. Op. No. 92-61 this office was asked if it were permissible for an elected town alderman in Ferriday to serve at the same time as an appointed Fire Chief of the Concordia Parish Fire District No. 2. It was stated that the position of fire chief in District No. 2 is appointed by the Board of Supervisors of the Fire District, which Board is appointed by the Concordia Parish Police Jury. It was, therefore, concluded that the position is one filed by appointment by "an elected or appointed public official or by a governmental body composed of such officials." It was further concluded "that an elected town alderman cannot hold the position of appointed fire chief in the Concordia Parish Fire Protection District No. 2 under the prohibition of R.S. 42:63D."
Atty. Gen. Op. No. 92-61 was reaffirmed in Atty. Gen. Op. No. 96-218(A), and subsequently in Atty. Gen. Op. No. 96-218(C) this office again stated that the position of Fire Chief was filled by the selection made in a Fire Protection District, being a political subdivision, by a Board composed of appointed public officials of the police jury of the parish as provided for under state statute. When the selection is by public officials whose positions are created by law of the state, ordinance or charter for a position likewise provided by such a provision, it is an "appointive office." It was the intent of the opinion to explain what constitutes appointment by a fire protection district as distinguished from employment.
Additionally, we note that fire protection districts are established under R.S. 33:1972, and provides in Paragraph B(2) that "a district fire chief shall also be on active duty on an assigned shift at all times in each fire district, and shall be in charge of the district and under the supervision of the assistant deputy fire chief." It is further set forth in Paragraph (D) that "active duty" shall not be constructed to mean time during which a district fire chief is away from his place of duty subject to call.
In Atty. Gen. Op. No. 98-106 based upon this statute this office concluded, on the assumption there are three eight hour shifts with two fire sub districts, there must be six district chiefs so that one will be on active duty on an assigned shift at all times in each of the two fire district.
Therefore, as an elected alderman you cannot hold the appointed position as Fire Chief if you work at least seven hours a day and thirty-five hours a week inasmuch as that is considered full-time in accordance with the definition in the dual officeholding statute.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
RPI/BBR